UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

JAMES CAMPBELL,                    )
                                   )
    *Plaintiff*,                  )
                                   )   1:10-cv-1079-JMS-DML
*vs.*                              )
                                   )
THE CITY OF INDIANAPOLIS, *et al.*,)
                                   )
    *Defendants*.                 )

## **ORDER ON MOTION TO DISMISS**

Before the Court is Defendants' Motion to Dismiss. [Dkt. 28.] This motion is fully briefed, and the Court, being duly advised, now **DENIES** the motion for the reasons set forth below.

The Defendants argue that pursuant to the pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and its progeny, James Campbell has failed to plead facts adequate to support his claim for relief. [Dkt. 29.] Specifically, Defendants argue that Mr. Campbell's complaint offers no facts demonstrating how the individual officers named as defendants were personally involved in the deprivation of Mr. Campbell's constitutional rights. [*Id.* at 1-2.]

The boundary between a well-pleaded complaint and an insufficient one under *Twombly* and its progeny has not been firmly established; nevertheless, the overriding principle of the federal pleading standard is clear: notice pleading is all that is required, and "a plaintiff still must provide only enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir.

2008) (internal citations omitted).  To survive a motion to dismiss "a pleading must only contain enough to 'allow the court and the defendant to understand the gravamen of the plaintiff's complaint.'" *Payton v. Rush-Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 627 (7th Cir. 1999) (citing *Doherty v. City of Chi.*, 789 F.3d 318, 326 (7th Cir. 1996)).  Mr. Campbell's 42 U.S.C. § 1983 and state law claims satisfy these standards and therefore are not subject to dismissal.

Defendants' implication that Mr. Campbell must specifically plead what each of the individual police officers did to personally deprive Mr. Campbell of his constitutional rights is inconsistent with notice pleading.  While it is true that a § 1983 action requires a plaintiff to establish a defendant's personal involvement in the alleged constitutional deprivation, *see Palmer v. Marion County*, 327 F.3d 588, 593-94 (7th Cir. 2003), such actions do not require plaintiffs to "lard their complaints with facts; the federal system uses notice pleadings rather than fact pleadings. . . . It is enough to lay out a plausible grievance." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009).  The complaint "merely needs to give the defendant sufficient notice to enable him to begin to investigate and prepare a defense," *Tamayo*, 526 F.3d at 1085, but "lack of detail does not permit dismissal." *Burks*, 555 F.3d at 594.

Mr. Campbell's complaint provides sufficient facts to place Defendants on notice and to enable them to investigate and prepare a defense.  [Dkt. 26.]  This is all that notice pleading requires of him.  Accordingly, Defendants' Motion to Dismiss [Dkt. 28] is **DENIED**.

03/25/2011

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Beth Ann Dale
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
bdale@indygov.org

Jennifer Lynn Haley
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
jhaley@indy.gov

Robb Alan Minich
MINICH LAW FIRM, P.C.
MinichLawFirm@gmail.com